**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **AMON-JAMAL HOTEP RA EL BEY, a/k/a JERMAINE LEJUANE HILL,** | |
| **Plaintiff,** | |
| **v.** | **1:15-cv-576-WSD** |
| **EZELL BROWN, Office of Sheriff,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"). The R&R recommends dismissal of Plaintiff Amon-Jamal Hotep Ra El Bey's ("Plaintiff") Complaint [1] for failure to comply with a lawful order of the Court.

## I.     BACKGROUND

On February 26, 2015, Plaintiff filed his Complaint without prepaying the required $400 filing fee or submitting a financial affidavit seeking leave to proceed *in forma pauperis*. On March 6, 2015, the Magistrate Judge ordered Plaintiff to either pay the fee or submit the required affidavit within thirty (30) days. ([2]). The Magistrate Judge advised Plaintiff that failure to comply with the order could

result in the dismissal of this action.

On April 13, 2015, the Magistrate Judge issued her R&R.  The R&R recommends dismissal of this action for failure to comply with a lawful order of the Court.  The R&R was mailed to Plaintiff, and was returned as undeliverable. ([5]).

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.    Analysis

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  LR 41.3(A)(2), NDGa.

The Local Rules also provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(C).

The Court finds no plain error in the Magistrate Judge's recommendation that this action be dismissed for failure to comply with a lawful order of the Court. See Slay, 714 F.2d at 1095.  This action also must be dismissed under Local Rule 41.2(C) because Plaintiff failed to keep the Clerk's office informed of his current address.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 25th day of March, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE